JOHN HALL, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILWAY Co., Appellees.

**Injunction:** RESTRAINT OF LEGAL PROCEEDINGS. An action can not be maintained to restrain a defendant from prosecuting or defending an action between himself and the plaintiff, on the ground that the same would cause expense to the plaintiff and the public generally.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, FEBRUARY 19, 1910.

THIS is an action in equity, wherein injunction is
VOL. 146 IA.—15.

prayed restraining the defendant from prosecuting or defending suits in controversies between plaintiff and defendant. · There was a demurrer to the petition, which was sustained by the trial court. Plaintiff electing to stand upon his petition, judgment was entered dismissing the case, and the plaintiff appeals.—*Affirmed.*

*John Hall*, pro se.

*D. W. Higbee*, for appellee.

EVANS, J.—This suit is brought by plaintiff in his own behalf without the aid of attorneys. We will assume that it is brought in good faith, although it has no semblance of legal merit. If plaintiff were represented by counsel, we should affirm the case without other comment than to censure counsel for manifest bad faith in prosecuting the action. In view of the plaintiff's nonprofessional character, and in view of his apparently sincere and respectful argument in this court, we indulge a presumption in favor of his good faith, and take the time to make a brief statement of the case. The plaintiff states, in substance, in his petition that he has had much controversy and litigation with the defendant, which the defendant has uniformly and always defended at great expense to itself, which expense must ultimately be borne by the plaintiff and the general public as a part of the expenses of defendant as a public corporation, and that he has repeatedly offered compromises to the defendant in lieu of litigation, which offers of compromise have been refused, and that the defendant has expended more money in litigation with plaintiff than it would cost the defendant to settle the plaintiff's demands. He also avers inferentially that he or his assignees brought various suits in justice court against the defendant company on alleged overcharges for freight, and that the defendant, "through false

representations and false affidavits, carried them up on writ of error, and by wrongfully suing out some eight injunctions, all of which have been dissolved by this court, except as to this plaintiff; that said overcharges would have been willingly paid were it not for the personal injury suit of plaintiff that was pending in the court; that said defense and litigation of the claims alleged in this paragraph will have cost the defendant, as plaintiff believes, about $1,000, all of which the plaintiff and the general public will eventually have to pay through an increase in rates," etc.

The prayer of the petition is as follows: "Wherefore, this plaintiff prays for himself and the general public that said defendant, the Chicago, Burlington & Quincy Railroad Company and its legal department be restrained and permanently enjoined from bringing any suit or action in law seeking to restrain and enjoin this plaintiff from suing the defendant or from him acting as agent or attorney for any individual acting alone or associated with others, in order that the legal department of defendant company may not cause great and irreparable injury to this defendant, the Chicago, Burlington & Quincy Railroad Company, and indirectly to this plaintiff and the public in general, and that upon a final hearing hereof that a permanent injunction may issue restraining the said defendant and all persons employed in the legal department from prosecuting any action at law against this plaintiff for an injunction, as heretofore alleged, and for such other and further relief as to the court may seem equitable and just." The case as made presents nothing which we can properly consider. The merit of any controversy between plaintiff and defendant must be determined in the particular suit in which it is involved. The question of public interest in the expenses incurred by the defendant will not be considered in such litigation. The duty to protect the public in that respect may be safely left by the plaintiff to

the proper departments of government. He may properly direct his undivided attention to the securing of his own rights in the litigation. This phase of his case has been quite neglected by him herein.

The trial court properly sustained the demurrer, and its order is *affirmed*.